UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-20685-CR-UNGARO/O'SULLIVAN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

YELEINY GUERRERO,

    Defendant.
_____/

## ORDER

THIS MATTER came before the Court on the defendant's Motion to Exclude Videotaped Conversations (DE# 75, 1/3/08). Having reviewed the applicable filings and law, it is

ORDERED AND ADJUDGED that the defendant's Motion to Exclude Videotaped Conversations (DE# 75, 1/3/08) is **DENIED**. The subject videotapes are admissible pursuant to Fed. R. Evid. 801(d)(2)(E) as statements made in the course of and in furtherance of a conspiracy.

The defendant seeks to exclude the videotapes of two meetings which took place on March 23, 2007 and March 27, 2007 between Ramon Oscar Soto and Victor Suasnavas. Mr. Susanavas was cooperating with the government at the time of the meetings.

Statements made by a co-conspirator during the course and in furtherance of a conspiracy is admissible as nonhearsay. See Fed. R. Evid. 801(d)(2)(E); see also Bourjaily v. United States, 483 U.S. 171, 183 (1987) (noting that "co-conspirators'

statements, when made in the course and furtherance of the conspiracy, have a long tradition of being outside the compass of the general hearsay exclusion."). A statement is admissible under Rule 801 if "[t]he government . . . prove[s] by a preponderance of the evidence: (1) that a conspiracy existed; (2) that the conspiracy included the declarant and the defendant against whom the statement is offered; and (3) that the statement was made during the course and in furtherance of the conspiracy." U.S. v. Miles, 290 F.3d 1341, 1351 (11th Cir. 2002). "In determining the admissibility of coconspirator statements, the court may consider both the coconspirator's hearsay statement and independent outside evidence." United States v. Van Hemelryck, 945 F.2d 1493, 1498 (11th Cir. 1991). "The Eleventh Circuit applies a liberal standard in determining whether a statement is made in furtherance of a conspiracy." U.S. v. Byrom, 910 F.2d 725, 735 (11th Cir. 1990).

      The Court finds that the March 23, 2007 and March 27, 2007 videotapes are admissible under Fed. R. Evid. 801(d)(2)(E). The government has shown by a preponderance of the evidence that a conspiracy existed between the defendant and Mr. Soto to defraud Medicare and that the statements made during the March 23, 2007 and March 27, 2007 meetings were made during the course of and if furtherance of that conspiracy. The defendant is the owner of a durable medical equipment company. After submitting numerous claims to Medicare, the defendant's company was inspected by Medicare in November 2006 and January 2007. Following these inspections, the defendant received a letter from Medicare advising her that she was in violation of certain Medicare supplier standards and that to show compliance, she needed to

2

submit invoices from November 2006 through February 2007. Within days of the defendant receiving this letter, Ramon Oscar Soto met with Victor Suasnavas on March 23, 2007 to negotiate the purchase of phony invoices. At a second meeting on March 27, 2007, Mr. Suasnavas provided Mr. Soto with invoices dated October 2006 through March 2007 (covering the time period requested by Medicare) in exchange for money. The defendant sent these invoices to Medicare the same day they were purchased by Mr. Soto.  The bank records for the defendant's company show that no payments were made to Mr. Suasnavas' company during the time period reflected by the invoices and that the cash withdrawals made during this period were insufficient to cover the amounts shown in the invoices. Thus, the government has shown that a conspiracy existed between the defendant and Mr. Soto and that Mr. Soto's statements made at the two meetings with Mr. Suasnavas were made during the course and in furtherance of the conspiracy.

      The defendant argues that the admission of the videotaped meetings violates the Confrontation Clause. See Defendant's Motion to Exclude Videotaped Conversations (DE# 75 at 2, 1/3/08). In Crawford v. Washington, 541 U.S. 36, 68 (2004), the Supreme Court held that Confrontation Clause bars the admission of testimonial hearsay in a criminal case unless the declarant is unavailable and the defendant has had a prior opportunity for cross-examination. Crawford in inapplicable to the instant case because the subject videotapes are not testimonial. In United States v. Underwood, 446 F.3d 1340, 1346 (11th Cir. 2006), "the government produced CD's with recorded conversations between [the defendant's brother] and a confidential information." The

3

Eleventh Circuit found that statements made on the CDs were admissible and did not violate the Confrontation Clause. Id. "[T]he challenged evidence consisted of recorded conversations between the confidential informant and [the defendant's brother] in which arrangements were made for the confidential informant to purchase cocaine . . . [were] neither testimony at a preliminary hearing, nor testimony before a grand jury, nor testimony at a former trial, nor a statement made during a police interrogation [and] d[id] not fall within any of the formulations which Crawford suggested as potential candidates for 'testimonial' status." Id. at 1347. Similarly, the videotapes in the instant case do not violate the Confrontation Clause because they are not testimonial.

The defendant further argues that "the videotaped conversations in questions are in the grey area of co-conspirator statements due to the fact that Suasnavas was a government agent at the time the statements were made." See Defendant's Motion to Exclude Videotaped Conversations (DE# 75 at 4, 1/3/08). The fact that Mr. Suasnavas was cooperating with the government does not alter the Court's conclusion. See Bourjaily v. United States, 483 U.S. 171, 183 (1987) (holding that a co-conspirator's statements to an FBI information were properly admitted against the defendant). Moreover, Mr. Suasnavas did not initiate the meetings with Mr. Soto. Mr. Soto met with Suasnavas to obtain the phony invoices in response to a letter the defendant received from Medicare.

In light of the abundant evidence of a conspiracy between the defendant and Mr. Soto to defraud Medicare and the liberal standard for admission of evidence in

4

furtherance of a conspiracy, the Court finds that the videotapes of the meetings between Ramon Oscar Soto and a cooperating witness are admissible.

DONE AND ORDERED, in Chambers, at Miami, Florida this **29th** day of January, 2008.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Ungaro
All counsel of record